| Dilks & Knopik, LLC<br>35308 SE Center Street<br>Snoqualmie, WA 98065<br>Ph. 425-836-5728<br>Fx. 877-209-8249 | FOR COURT USE ONLY    FILED<br>NOV 19 2019<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY:                     Deputy Clerk |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In Re:<br><br>Cherry L. Ephrim<br>                                    Debtor. | CASE NUMBER: LA16-26686-SK |
| | HEARING DATE:<br>TIME:<br>PLACE: |

## MOTION FOR ORDER RELEASING UNCLAIMED FUNDS

I, under penalty of perjury under the laws of the United States of America declare (or certify, verify, or state) that the following statements and information are true and correct:

1. I request an order releasing the total amount of $1,380.46 which is the sum of all monies deposited with the court on the following date(s) 6/21/2019 on behalf of the Dilks & Knopik, LLC assignee to Aargon Agency on claim number(s) 1.

2. Please check and complete the applicable subparagraph(s) below:

    X  a. I am the creditor named in paragraph 1.

    ❏  b. I am an employee of the creditor named in paragraph 1 and my title is _____. The creditor is still legally entitled to the monies and I am authorized by the creditor to this petition. Submit evidence establishing authority to act on behalf of creditor.

    ❏  c. I am the creditor and have appointed _____ as my lawful attorney-in-fact who is duly authorized by the attached original power of attorney to file this motion.

    ❏  d. Subparagraphs a, b, and c above do not apply, but I am entitled to payment of such monies because (submit evidence establishing basis for right to obtain payment).
    _____
    _____
    _____
    _____

*(continued on next page)*

Motion for Order Releasing Unclaimed Funds – *Page 2*

| In Re:                          | CHAPTER 13                    |
|---------------------------------|-------------------------------|
| Cherry L. Ephrim         Debtor. | CASE NUMBER: LA16-26686-SK   |

3. Please complete each of the following subparagraphs:

   a. The following is the creditor's address and phone number:

   Dilks & Knopik, LLC
   As assignee to Aargon Agency
   35308 SE Center Street
   Snoqualmie, WA 98065
   Ph. 425-836-5728

   b. And a brief history of the creditor (from the filing of the claim to the present) which includes, if applicable, identification of any sale of the company and the new and prior owner(s). Submit evidence establishing the sale of the company from the prior to the new owner(s):

   Dividends were not collected by the creditor, Aargon Agency. Aargon Agency, Inc. has assigned the unclaimed funds and its claim to Dilks & Knopik LLC as evidenced by the attached Assignment Agreement

4. I understand that, pursuant to 18 U.S.C. Section 152, I shall be fined not more than $5,000.00, or imprisoned not more than five years, or both, if I have knowingly or fraudulently made any false statements in this document.

*(continued on next page)*

Motion for Order Releasing Unclaimed Funds – *Page 3*

| In Re:<br>Cherry L. Ephrim<br>Debtor. | CHAPTER 13<br>CASE NUMBER: LA16-26686-SK |
|---|---|

***Affix Corporate Seal

Creditor

Brian J. Dilks, Managing Member
Type or Print Name

Dilks & Knopik, LLC as assignee to Aargon Agency
Address

35308 SE Center Street

Snoqualmie, WA 98065-9216

STATE OF WASHINGTON, COUNTY OF KING

On <u>November 11, 2019</u> before me, appeared Brian J. Dilks personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. WITNESS my hand and official seal.

Matthew Zettley - Notary Public
My commission expires on <u>February 19, 2022</u>

[SEAL]
MATTHEW ZETTLEY
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
FEBRUARY 19, 2022

Presented by:

Motion for Order Releasing Unclaimed Funds – *Page 5*

| In Re:<br>Cherry L. Ephrim<br>Debtor. | CHAPTER 13<br><br>CASE NUMBER: LA16-26686-SK |
|---|---|

## PROOF OF SERVICE

I hereby certify under penalty of perjury under the laws of the United States of America that on <u>November 11, 2019</u> I mailed in a sealed envelope, with postage thereon fully prepaid, a fully completed true and correct copy of the document described as "Motion for Order Releasing Unclaimed Funds" to the United States Attorney, United States Trustee, and other persons and entities to be served by Local Bankruptcy Rule 3011-1(b) and addressed as follows:

| | |
|---|---|
| Kathy A Dockery (TR)<br>Case Trustee<br>700 S. Flower Street, Suite 1950<br>Los Angeles, CA 90017 | US Trustee<br>915 Wilshire Blvd.<br>Suite 1850<br>Los Angeles, CA 90017 |
| Cherry L. Ephrim<br>Debtor<br>815 West 123rd Street<br>Los Angeles, CA 90044 | Philomena N Nzegge<br>Debtor Attorney<br>3701 Wilshire Blvd Ste 1120<br>Los Angeles, CA 90010 |
| Aargon Agency, Inc.<br>Duane Christy Chief Executive Officer<br>8668 Spring Mountain Road<br>Las Vegas, NV 89117 | US Attorney<br>312 North Spring Street<br>Los Angeles, CA 90012 |

Date: November 11, 2019

Brian J. Dilks, Managing Member
Dilks & Knopik, LLC
Assignee to Aargon Agency
35308 SE Center Street
Snoqualmie, WA 98065-9216
425-836-5728



# CERTIFICATE OF LLC RESOLUTION

The undersigned Members of Dilks & Knopik, LLC, an LLC, duly organized under the laws of Washington (hereinafter "The LLC"), hereby certify that the following resolutions were duly adopted by said Members of The LLC on June 7th, 2002 and that such resolutions have not been modified or rescinded as of the date hereof:

RESOLVED, that <u>Brian J Dilks</u>, is hereby authorized and directed for and on behalf of The LLC to execute all legal documents as approved by him/her as being in the best interests of The LLC; and to take any and all further actions which may be necessary or appropriate to commence and complete said construction in such a manner as being, in his/her opinion, in the best interests of the LLC.

RESOLVED, that this action may be executed in counterparts and by facsimile signatures, each of which shall be deemed an original and all of which together shall constitute one action.

IN WITNESS WHEREOF, the undersigned has executed this instrument as of this __1__ day of __June__, 20__18__.

_____
Brian J Dilks
Date: 6/1/18

_____
Caryn M Dilks f/k/a Caryn M Knopik
Date: 6/1/18



# Dilks | & | Knopik

### CERTIFICATE OF LLC RESOLUTION

The undersigned Members of Dilks & Knopik, LLC, an LLC, duly organized under the laws of Washington (hereinafter "The LLC"), hereby certify that the following resolutions were duly adopted by said Members of The LLC on June 7th, 2002 and that such resolutions have not been modified or rescinded as of the date hereof:

RESOLVED, that <u>Caryn M Dilks f/k/a Caryn M Knopik</u>, is hereby authorized and directed for and on behalf of The LLC to execute all legal documents as approved by him/her as being in the best interests of The LLC; and to take any and all further actions which may be necessary or appropriate to commence and complete said construction in such a manner as being, in his/her opinion, in the best interests of the LLC.

RESOLVED, that this action may be executed in counterparts and by facsimile signatures, each of which shall be deemed an original and all of which together shall constitute one action.

IN WITNESS WHEREOF, the undersigned has executed this instrument as of this __1__ day of __June__, 20__18__

_____
Brian J Dilks
Date: 6/1/18

_____
Caryn M Dilks f/k/a Caryn M Knopik
Date: 6/1/18



Office of the Secretary of State
Corporations & Charities Division

Filed
Secretary of State
State of Washington
Date Filed: 05/10/2019
Effective Date: 05/10/2019
UBI #: 602 211 447

# EXPRESS ANNUAL REPORT WITHOUT CHANGES

## BUSINESS INFORMATION

Business Name:
**DILKS & KNOPIK, LLC**

UBI Number:
**602 211 447**

Business Type:
**WA LIMITED LIABILITY COMPANY**

Business Status:
**ACTIVE**

Principal Office Street Address:
**35308 SE CENTER ST, SNOQUALMIE, WA, 98065-9216, UNITED STATES**

Principal Office Mailing Address:
**35308 SE CENTER ST, SNOQUALMIE, WA, 98065-9216, UNITED STATES**

Expiration Date:
**06/30/2020**

Jurisdiction:
**UNITED STATES, WASHINGTON**

Formation/Registration Date:
**06/07/2002**

Period of Duration:
**PERPETUAL**

Inactive Date:

Nature of Business:
**OTHER SERVICES**

## REGISTERED AGENT    RCW 23.95.410

| Registered Agent Name | Street Address | Mailing Address |
|---|---|---|
| BRIAN DILKS | 28431 SE PRESTON WAY, ISSAQUAH, WA, 98027-0000, UNITED STATES | 28431 SE PRESTON WAY, ISSAQUAH, WA, 98027-0000, UNITED STATES |

## GOVERNORS

| Title | Type | Entity Name | First Name | Last Name |
|---|---|---|---|---|
| GOVERNOR | INDIVIDUAL | | BRIAN | DILKS |
| GOVERNOR | INDIVIDUAL | | CARYN | DILKS |

This document is a public record. For more information visit www.sos.wa.gov/corps

Work Order #: 2019051000246334 - 1
Received Date: 05/10/2019
Amount Received: $60.00



## CERTIFICATE OF LLC RESOLUTION

The undersigned Members of Dilks & Knopik, LLC, an LLC, duly organized under the laws of Washington (hereinafter "The LLC"), hereby certify that the following resolutions were duly adopted by said Members of The LLC on June 7th, 2002 and that such resolutions have not been modified or rescinded as of the date hereof:

RESOLVED, that Jeffrey Hudspeth, is hereby authorized and directed for and on behalf of The LLC to execute all legal documents as approved by him/her as being in the best interests of The LLC; and to take any and all further actions which may be necessary or appropriate to commence and complete said construction in such a manner as being, in his/her opinion, in the best interests of the LLC.

RESOLVED, that this action may be executed in counterparts and by facsimile signatures, each of which shall be deemed an original and all of which together shall constitute one action.

IN WITNESS WHEREOF, the undersigned has executed this instrument as of this 10 day of May, 20 19.

_____
Brian J Dilks - Member
Date: 5/10/19

_____
Caryn M Dilks F/k/a Caryn M Knopik - Member
Date: 5/10/19

# Dilks | & | Knopik

**Assignment Agreement**

This Assignment Agreement (the "Agreement") is entered into as of Thursday, August 22, 2019 (the "Effective Date") by and between Dilks & Knopik, LLC, a Washington Limited Liability Company, with a principal place of business at 35308 SE Center Street, Snoqualmie, WA 98065, (the "Assignee") and Aargon Agency, Inc. with an address of 8668 Spring Mountain Road, Las Vegas NV 89117 (the "Assignor").

**1. Recitals**

1.1.    1.1.    Assignor is/was a properly named and lawful creditor in multiple bankruptcy cases as shown listed in Schedule A. (the "Cases"). As a creditor in the Cases, Assignor was entitled to distribution of funds from the assets of the Debtor's Bankruptcy Estate in the amounts listed in Schedule A (the "Funds"). Remittance to Assignor was not successful, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the Funds were deposited into the Registry of the Court. The Funds then being subject to withdrawal in accordance with 28 U.S.C. 2042.

1.2.    Assignor not desirous of attempting collection of the Funds, nor wishing to incur the time and expense of such collection, does hereby wish and does assign, and convey to the Assignee, for good and valuable consideration, all of Assignor's rights, title and interest in the Funds, without the presence of undue influence or coercion.

1.3.    Assignor has personal knowledge of the Funds being assigned and has verified that all the Funds are still owing to Assignor.

NOW THEREFORE, in consideration of mutual obligations, covenants, representations, and warranties herein, the parties agree as follows:

**2. Assignment of Interest.**

2.1.    *Assets Assigned.* The assets herein assigned to Assignee are those stated in paragraph 1.1 above, or if more than one creditor claim was made in the Cases identified in Schedule 1, attached hereinto and incorporated by reference, that collectively are the Funds held for the benefit of Assignor by the Clerk of the Court of the court identified in paragraph 1.1 in the Unclaimed Funds Registry.

2.2.    *Assignment of Interest.* As herein stated Assignor, hereby does assign, transfer and convey all of Assignor's rights, title, and interest in the Funds, in an AS IS basis, for good and valuable consideration without undue influence or coercion, and of his/her/its free will. In the interest of consummating this Agreement, both parties do acknowledge and agree to fulfill their obligations herein to affect the lawful assignment, transfer, and conveyance of the Funds to Assignee.

2.3.    *Consideration.* The consideration herein given by Assignee to Assignor shall be the performance of all reasonable and necessary services for the collection, recovery, or procurement of the Funds for a period not to exceed six (6) months. In the event, that recovery of the Funds within the twelve (12) month period is unsuccessful this Assignment shall terminate and all rights, title and interest in Funds herein granted shall revert to Assignor. Assignor at Assignor's discretion may extend this

On this 11th day of November, 2019. I certify that the preceding or attached document titled (Assignment Agreement), (5 pages) is a true, accurate and complete redacted copy of the original being held at 35308 SE Center Street, Snoqualmie, WA 98065

Matthew Zettley Notary Public
My commission expires: February 19, 2022

MATTHEW ZETTLEY
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
FEBRUARY 19, 2022

Page 1 of 4

Assignment by way of addendum so stating and incorporated herein by reference. Such Addendum shall only modify the duration of the Assignment and nothing else unless otherwise agreed by the parties.

2.4. *Further Consideration.* In consideration for the performance of the Services contemplated hereunder, and in consideration of this Assignment Agreement, Assignee shall pay to Assignor the sum of to be paid upon successful collection, recovery or procurement of the Funds.

2.5. *Power of Attorney.* To the extent necessary under applicable law, the Assignor does hereby appoint for the limited purpose of collection of the Funds and fulfillment of Assignor's obligation(s) under this Agreement, Dilks and Knopik, LLC as its attorney-in-fact.

3.     Closing. The closing of the transaction herein shall be done immediately upon fulfillment of each party's obligations hereunder, or on such other date as the parties may agree (the "Closing Date"). At the closing, Assignor shall deliver an original of this Agreement and such other documents as may be required to consummate this transaction, and Assignee shall deliver a countersigned Agreement and any other document(s) requiring countersignature, and the consideration herein. Any closing costs shall be paid by the party incurring such costs.

4.     **Representations and Warranties.**

4.1    *Assignor.* Assignor does hereby represent and warrant that (a) he/she/it is legally competent to execute this Agreement, and has full power, authority and legal right to execute, deliver, and perform as agreed under this Agreement, (b) that he/she/it is the sole and lawful entity entitled to the Funds herein assigned to Assignee, (c) that he/she/it has not otherwise pledged, sold, assigned, transferred, or conveyed the interest herein assigned to Assignee to any other party, person or entity, in whole or in part, providing such proof as may be necessary (d) that he/she/it is not involved in any legal proceeding that may affect any right to assign, transfer or convey to Assignee the interest in the Funds herein contemplated, (e) that he/she/it performs under this contract without undue influence or coercion on the part of the Assignee or any other party, (f) that he/she/it shall cooperate with Assignee to fulfill his/her/its obligations under this Agreement and to Assignor, including execution of this Agreement and such other documents as may be necessary to effect the assignment to Assignee without delay. Assignor has verified that all Funds are currently owned by Assignor. (g) that he/she/it acknowledges and understands that during the period above described in paragraph 2.3 he/she/it shall not attempt or seek to collect the Funds by way of his/her/its own action, or contract, enlist, or otherwise procure the services of any other person or entity for the collection, recovery, or procurement of the Funds, and (f) that by way of this Assignment he/she/it has granted exclusive right, title, and interest to the Funds for the period of above referenced.

4.2    *Assignee.* Assignee does hereby represent and warrant that it has full power, authority and legal right to execute this Agreement, and shall cooperate with Assignor to fulfill its obligations under this Agreement. Assignee further represents and warrants that by this Assignment it is bound to perform the services as described in paragraph 2.3 (above).

5. **Breach.**

5.1.    Any misrepresentation as to the Representation and Warranties in paragraph 4.1 by Assignor shall constitute a breach of this Agreement.

5.2.    In the event of Breach, Assignee, as its sole and exclusive remedy, shall be entitled to terminate this Agreement with immediate effect and be entitled to reimbursement of any costs or expenses incurred by Assignee in providing the services to collect, recovery or procure the Funds unless good cause exists why it should not.

5.3.    Upon termination, Assignee shall no longer be required to provide any services to which it is bound to perform herein, and withdraw any petition previously filed with any agency or court without liability for the effect(s) of such withdrawal.

6. **Waiver.** Waiver of any remedy by Assignor shall not constitute or be construed as a waiver any other provision of this Agreement by Assignee.

7. **Drafting.**

7.1.    The parties hereto has participated in the drafting of this Agreement, which each party acknowledges is the result of extensive negotiations between the parties.

    7.2.   In the event of any ambiguity or question of intent arises, this Agreement shall be construed as if drafted jointly by the parties and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any of the provisions of this Agreement.

8. **General Provisions.**

    8.1.   *Enforceability.* This Agreement constitutes full understanding of the parties superseding any and all prior agreements, oral or written, and the binding obligations of the parties in accordance with its terms except as may be limited by operation of law.

    8.2.   *Binding Effect.* The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors, assigns, heirs, and legatees of the parties.

    8.3.   *Notices.* Any notices required to be provided hereunder shall be delivered to the address of each party as first stated above, or such other address of which each party may notice the other.

    8.4.   *Headings.* All headings contained herein are for convenience of reference and organization only, and shall not be construed or interpreted to be part of this Agreement, nor affect in any way its meaning or interpretation.

    8.5.   *Mutual Writing.* This Agreement has been drafted by mutual contribution of the parties, and shall not be construed against either party due to authorship.

    8.6.   *Counterparts.* This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

    8.7.   *Advice of Counsel.* Assignor has sought independent legal advice or hereby waives the opportunity to seek such legal advice prior to the execution of this Agreement.

    8.8.   *Severability.* In the event any provision herein is deemed to be invalid, illegal, or unenforceable, such provision shall be removed, but all other provisions herein shall remain in full force and effect.

    8.9.   *Choice of Law.* This Agreement shall be interpreted in the law of Washington State, any disputes, claims, or controversies arising under or related to it shall be brought in a court of competent jurisdiction in King County, Washington. In the event of matter brought before a court, both parties waive its right to trial by jury, and specifically agree that any matter brought by either party may be decided by a bench trial, or if appropriate by arbitration under the rules of the court governing such procedure.

    8.10.  *Time of the Essence.* The parties hereto acknowledge that time is of the essence in the performance of all obligations under this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first written above.

Assignor: _____  Assignee: _____
Aargon Agency, Inc.                                   Dilks & Knopik, LLC
Duane Christy - Chief Executive Officer    Jeffrey Hudspeth – Authorized Signatory

Subscribed and Sworn before me this _____ day of _____, 20__

Notary Public _____

My Commission Expires: _____

LINDA JOYCE CALLAHAN
NOTARY PUBLIC
STATE OF NEVADA
Appt. No. 14-15016-1
My Appt. Expires October 1, 2022

# Dilks | & | Knopik

### NOTICE OF ASSIGNMENT

For good and valuable consideration, the undersigned, Aargon Agency, Inc. ("Assignor"), hereby, assigns, conveys and transfers over and unto Dilks & Knopik, LLC ("Assignee"), any and all of right, title and interest in and to the below referenced funds/claim(s).

The Assigned funds/claim(s):

The Assigned Funds/Claim(s): Listed on Schedule A

FUNDS/CLAIM(S) ARE BEING ASSIGNED "AS-IS, WHERE-IS" WITH NO WARRANTIES OR REPRESENTATIONS WHATSOEVER, EXCEPT AS EXPRESSLY PROVIDED IN THE ASSIGNMENT AGREEMENT, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

IN WITNESS WHEREOF, the parties hereto have caused this notice of assignment to be executed as of the Thursday, September 26, 2019.

Aargon Agency, Inc.

_____
Duane Christy - Chief Executive Officer

Subscribed and Sworn before me this 28 day of October, 2019
Notary Public: Linda Joyce Callanan
My Commission Expires: 10-1-22

LINDA JOYCE CALLANAN
NOTARY PUBLIC
STATE OF NEVADA
Appt. No. 14-15016-1
My Appt. Expires October 1, 2022



| Account Name | Case Number | Debtor | Claim Number | Jurisdiction | Amount |
|---|---|---|---|---|---|
| Aargon Agency | LA16-26686-SK | Cherry L. Ephrim | | BK-CACB-LA | $ 1,380.46 |

_____ Assignor    _____ Assignee (D&K)